PJ Putnam
Texas Bar No. 24041734
LAW OFFICE OF PJ PUTNAM, PC
18208 Preston Road
Suite D9-159
Dallas, Texas 75252
(214) 449-0566 - Office
Email: pjputnam@TexasBizLawyer.com

ATTORNEY FOR INDEPENDENCE FUEL SYSTEMS, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RICHARD KEVIN RUSSELL | § | CASE NO. 22-41793-mxm11 |
| | § | |
| DEBTOR. | § | |

_____

| | | |
|---|---|---|
| RICHARD KEVIN RUSSELL | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | ADV. NO. _____ |
| v. | § | |
| | § | |
| INDEPENDENCE FUEL SYSTEMS, LLC | § | |
| | § | |
| DEFENDANT. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES BANKRUPTCY:

Comes Now, Independence Fuel Systems, LLC, Defendant in the above-captioned state court lawsuit filed in the 95th Judicial District Court in Dallas County, Texas (the "State Court Civil Action"), hereby files this Notice of Removal, pursuant to 28 U.S.C.A. § 1452 and Fed. R. Bankr. P. 9027, to notify this Court and all relevant parties that the State Court Civil Action is hereby removed from the 95th Judicial District Court to the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. In further support of this notice of removal, the Defendant asserts

the following:

1.      This Notice of Removal involves a state court lawsuit filed against the Defendant by the Plaintiff in the State Court Civil Action. Plaintiff is a defendant in the above-captioned bankruptcy action and is thus subject to the jurisdiction of this Court.

2.      The Defendant has grounds to remove the State Court Civil Action to this Bankruptcy Court pursuant to 28 U.S.C.A. § 1452, 28 U.S.C.A. § 1334, and 28 U.S.C.A. § 157 because, *inter alia*, this State Court Civil Action relates to the bankruptcy jurisdiction of the above-captioned bankruptcy matter.

3.      This Notice of Removal is timely because bankruptcy was filed on August 8, 2022.

4.      Counsel for the Plaintiff in the State Court is Stephanie Curtis, Curtis Law PC, 901 Main Street, Suite 6515, Dallas, Texas 75202.

5.      This is a "core" proceeding.

Respectfully submitted,

  /s/ *PJ Putnam*
PJ Putnam
Texas State Bar No. 24041734
**LAW OFFICE OF PJ PUTNAM, PC**
18208 Preston Road, Suite D9-159
Dallas, Texas 75252
Telephone: 214.449.0566
Email: pjputnam@TexasBizLawyer.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing notice of removal was sent via email to Stephanie Curtis, scurtis@curtislaw.net, on this the 23rd day of June 2023.

  /s/ *PJ Putnam*
PJ Putnam

FILED
5/10/2024 2:42 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Dominique Gadberry DEPUTY

DC-24-06949

| | | |
|---|---|---|
| RICHARD KEVIN RUSSELL, | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | 95th |
| v. | § § | ____ DISTRICT |
| INDEPENDENCE FUEL SYSTEMS, LLC, | § § | |
| *Defendant.* | § | DALLAS COUNTY TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Richard Kevin Russell, Plaintiff herein ("Plaintiff"), and files this Original Petition, complaining of Independence Fuel Systems LLC and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN AND TRCP 47 STATEMENT

1. Plaintiff intends that discovery will be conducted under Level 2 of the Texas Rules of Civil Procedure.

2. Pursuant to Rule 47c of the Texas Rules of Civil Procedure, Plaintiff avers that he seeks monetary relief over $100,000 but not more than $200,000.

### PARTIES

3. Plaintiff, Richard Kevin Russell, is an individual residing in Ft. Worth, Texas.

4. Defendant, Independence Fuel Systems LLC ("IFS") is a Texas limited liability company with its principal place of business in Dallas, Texas. Defendant may be served with process through its registered agent, Charles Neuberger, located at 106 Katy Ranch Dr., Weatherford, TX 76085.

## JURISDICTION & VENUE

5. This Court has jurisdiction over this lawsuit as the amount in controversy exceeds the minimum jurisdictional limits.

6. Venue is proper in Dallas County, Texas, as it is the county where Defendant keeps its principal place of business, and where the underlying events of the causes of action alleged herein occurred.

## BACKGROUND AND FACTS

7. Plaintiff formally served as Chief Executive Officer of Defendant IFS.

8. Plaintiff filed for Chapter 11 Bankruptcy in the Northern District of Texas, Fort Worth Division on August 8, 2022.

9. Shortly thereafter, Defendant filed an adversary proceeding titled *Independence Fuel Systems LLC v. Richard Kevin Russell*, ADV. PROC. NO. 22-04049-MXM, in the Northern District of Texas, Fort Worth Division, alleging causes of action for fraud, embezzlement, and defalcation. All of the allegations by IFS arose from Mr. Russell's tenure as an officer with IFS.

10. After a full week evidentiary trial on the merits, Mr. Russell prevailed and the Court denied and dismissed all of IFS's claims against Mr. Russell.

11. As a result of the proceeding, Plaintiff incurred $146,900.00 in legal fees and expenses.

12. Section 5.12 of the governing Company Agreement mandates that Defendant indemnify Plaintiff for legal fees and expenses incurred in such proceedings, in accordance with the Texas Business Organizations Code.

13. Plaintiff made a formal demand for indemnification to Defendant pursuant to the terms of the Company Agreement.

14. Defendant has failed and refused to indemnify Plaintiff for the incurred expenses.

## CAUSE OF ACTION:

**COUNT I—BREACH OF CONTRACT**

15. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16. Defendant was contractually bound under Section 5.12 of the Company Agreement to indemnify Plaintiff against expenses and legal fees incurred in proceedings stemming from his role in the company.

17. Defendant has breached the contract by failing to indemnify Plaintiff despite the clear contractual obligation and Plaintiff's compliance with all conditions precedent.

18. As a direct result of Defendant's breach, Plaintiff has suffered damages in the amount of the unpaid legal fees and expenses totaling $146,900.00.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court: (1) cite Defendant to appear and answer herein; (2) award judgment in Plaintiff's favor for the amount of $146,900.00, plus reasonable attorneys' fees, costs, and interest; and for such other and further relief to which Plaintiff may be justly entitled.

Dated: May 10, 2024.

Respectfully submitted,

/s/ Stephanie D. Curtis
Stephanie D. Curtis
Texas State Bar No. 05286800
Ivan O. Turingan
Texas State Bar No. 24026294
CURTIS | LAW PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709
Email: scurtis@curtislaw.net
         ituringan@curtislaw.net

**COUNSEL FOR PLAINTIFF
RICHARD KEVIN RUSSELL**

DC-24-06949

|  |  |  |
|---|---|---|
| **RICHARD KEVIN RUSSELL**, | § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| v. | § § | 95th District |
| **INDEPENDENCE FUEL SYSTEMS, LLC**, | § § § | |
| *Defendant*. | § | DALLAS COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT INDEPENDENCE FUEL SYSTEMS, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Independence Fuel Systems, LLC (hereinafter, "**Defendant**"), files this Original Answer to Richard Kevin Russell's (hereinafter, "**Plaintiff**") Original Petition and would show the Court as follows:

### A. GENERAL DENIAL

1. Defendant generally denies the allegations in Plaintiff's Original Petition.

### B. AFFIRMATIVE DEFENSES

2. JUDICIAL ESTOPPEL. Judicial estoppel precludes a party who successfully maintains a position in one proceeding from afterwards adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage[1]. Here, in the Plaintiff's Original Petition, the Plaintiff used and quoted from the Defendant's original Company Agreement (Plaintiff signed the original Company Agreement while he was the CEO of the Defendant), dated 1 June 2012, to support his claims. However, for the Plaintiff to persevere in the previous hearing[2] that is the basis for the Plaintiff's indemnification claim, the Plaintiff quoted from the Amended and Restated Company Agreement, dated 1 January 2024 (again, Plaintiff signed this Amended and Restated Company Agreement while he was the CEO of the Defendant), which in clear reading does not allow the Plaintiff to persevere with the demand for indemnification claim

---

[1] See, Ferguson v. Building Materials Corp., 295 S.W.3d 642, 643 (Tex. 2009).
[2] See, Independence Fuel Systems, LLC v. Richard Kevin Russell, Case No. 22-41793-mxmll, Dkt No. 80, US Bankruptcy Court for the Northern Distr4ict of Texas, Fort Worth, 20 February 2024.

DEFENDANT'S ORIGINAL ANSWER                                                                                       Page 1 of 3

stated in his Original Petition. Therefore, the Plaintiff cannot choose, as stated in his Original Petition, an outdated Company Agreement as support for his claims in the current matter while using the Amended and Restated Company Agreement to support his positions during a previous hearing.

3. FRAUD. The Plaintiff made a false representation with actual knowledge of the truth in regard to which version of the Defendant's Company Agreement that he chose to quote in his Original Petition.

4. WAIVER. Even if the Court finds that the Plaintiff is eligible for indemnification, the Plaintiff is not entitled to indemnification because he did not follow the procedures for indemnification outlined in the Amended and Restated Company Agreement.[3]

## J. PRAYER

WHEREFORE, PREMISES CONSIDERED, and for these reasons, Defendant asks the Court to dismiss this suit, render judgment that Plaintiff take nothing, assess costs against Plaintiff (including, but not limited to, attorney's fees), and award all other relief to which Defendant is entitled.

Respectfully submitted,

By:  /s/ *PJ Putnam*
PJ Putnam, JD
Texas Bar No. 24041734

**LAW OFFICE OF PJ PUTNAM, PC**
18208 Preston Road, Suite D9-159
Dallas, Texas 75033
(972) 697-5546 – Mobile
(214) 449-0566 – Office
pjputnam@TexasBizLawyer.com |
www.TexasBizLawyer.com

**ATTORNEY FOR DEFENDANT**

Dated: June 21, 2024

---

[3] See, The affirmative defense of waiver arises when the plaintiff has intentionally relinquished a known right or has intentionally engaged in conduct that is inconsistent with claiming a known right [Ulico Cas. Co. v. Allied Pilots Ass'n, 262 S.W.3d 773, 778 (Tex. 2008); Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855, 865 (1958); *see, e.g.*, Stephens v. LPP Mortgage, Ltd., 316 S.W.3d 742, 748–749 (Tex. App.—Austin 2010, no pet. h.)]. The right waived may be conferred by law or by contract [Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855, 865 (1958); Alford, Meroney & Co. v. Rowe, 619 S.W.2d 210, 213 (Tex. Civ. App.—Amarillo 1981, writ ref'd n.r.e.)].

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 21, 2024, a true and correct copy of the foregoing document was served upon opposing counsel via email.

*/s/ PJ Putnam*
PJ Putnam